UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Nor-Joe Imports, LLC                                    CIVIL ACTION

VERSUS                                                            NO. 07-7245

National Fire Insurance Company                     SECTION C(2)
of Hartford

## ORDER AND REASONS

Plaintiff Nor-Joe Importers seeks summary judgment declaring the loss of his perishable products during Hurricane Katrina is covered by his insurance policy. (Rec. Doc. 11). The defendant National Fire Insurance Company of Hartford did not pay plaintiff for "items stored in the freezer and/or cooling units because the policy does not cover spoilage" and because of the power failure exclusion under the parties' insurance contract. (Rec. Doc. 28 at 2). Defendant previously sought summary judgment that the power failure exclusion applied, which this Court denied because defendant failed to prove the power failure occurred away from the premises. (Rec. Doc. 44). Oral argument on both motions was held November 26, 2008 and a decision on plaintiff's motion was deferred for supplemental briefing on whether the Windstorm/Hail Deductible endorsement superceded the power failure exclusion in the insurance policy. Based on the arguments of parties, briefing by the parties, the record, and the applicable law, this Court DENIES plaintiff's motion for summary judgment for the reasons below.

### LAW AND ANALYSIS

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

Under Louisiana law, interpretation of an insurance policy is subject to the general rules of contract interpretation which requires judicial determination of the common intent of the parties to the contract. *Thermo Terratech v. GCD Enviro-Solutions, Inc.*, 265 F.3d 329, 334 (5th Cir.2001) (*citing Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La.1994)). "The intent of the parties, 'as reflected by the words in the policy [,] determine[s] the extend of the coverage.' " Id. (*quoting Louisiana Ins. Guar. Ass'n*, 630 So.2d at 763). In

addition, an insurance contract must be interpreted as a whole." *FDIC v. Booth*, 82 F.3d 670, 674 (5th Cir.1996).

Exclusions to coverage must be clear and express. *See Thermo Terratech*, 265 F.3d at 334 (*citing Ogima v. Rodriguez*, 799 F.Supp. 626, 630 (M.D.La.1992)). "When the language of an insurance policy is clear, it must be enforced as written." *Id*. (*citing Reynolds v. Select Props.*, Ltd., 634 So.2d 1180, 1183, 92-1480 (La.4/11/1994)). "If however, the terms of the policy are ambiguous, they must be construed against the drafter of the policy," i.e. the insurer. *Id*. (*citing Oaks v. Dupuy*, 653 So.2d 165, 26,729 (La.App. 2 Cir. 4/5/95)). Therefore, if an exclusionary clause is susceptible to more than one reasonable interpretation, the Court must adopt the interpretation providing coverage to the insured. *See id*. at 334-35 (*citing Talley v. Blue Cross Blue Shield of La.*, 760 So.2d 11903, 1195, 99-1974 (La.App. 3 Cir. 5/3/2000)).  Moreover, it is the insurer who bears the burden of establishing a policy exclusion. *Turnstall v. Stierwald*, 809 So.2d 916, 921 (2002).

The Fifth Circuit has examined similar insurance contract language in other contexts and concluded that the endorsement language only modifies the deductible portion of the policy and not the policy exclusions. *In re Katrina*, 495 F.3d 191, 220 (5th Cir. 2007)(noting hurricane deductible endorsement with near identical language and held that the hurricane deductible did not effectively expand coverage for water damage.)  The Fifth Circuit affirmed the reasoning and finding of *Katrina* soon thereafter in *Tuepker v. State Farm Fire and Casualty*, 507 F.3d 346 (2007). *Tuepker* concerned slightly different policy language, but the reasoning was the same - the "regardless" clause "only applies to the deductible and does not affect the scope of the coverage under the policy." *Id*. at 355.

Accordingly,

Plaintiff's Motion for Summary Judgment (Rec. Doc. 11) is DENIED.

New Orleans, Louisiana, this 18th day of December, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE